NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAMONTE DESHAWN SIMS, | No. 17-55028 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-09454-JCG |
| v. | |
| CHRISTIAN PFEIFFER, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jay C. Gandhi, Magistrate Judge, Presiding[**]

Submitted January 15, 2019[***]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner LaMonte DeShawn Sims appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We

have jurisdiction under 28 U.S.C. § 2253. We review the denial of a habeas

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before Magistrate Judge Gandhi under 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

petition de novo, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

The sole issue certified on appeal is whether Sims's appellate counsel rendered ineffective assistance by failing to challenge on Confrontation Clause grounds the trial court's admission of statements made by the victim to police. The victim's statements—including that Sims was her boyfriend, he had not assaulted her, and she did not want police to take him away—were admitted through testimony elicited by defense counsel for the limited purpose of establishing the victim's state of mind to dispute the state's kidnapping theory. Sims was acquitted on the kidnapping charge. The California Supreme Court's determination that Sims failed to establish deficient performance or prejudice resulting from appellate counsel's decision not to raise a Confrontation Clause challenge to the testimony elicited by trial counsel was not contrary to, nor an unreasonable application of, the *Strickland v. Washington*, 466 U.S. 668 (1984), standard. *See* 28 U.S.C. § 2254(d)(1); *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

To the extent Sims briefed issues beyond the certificate of appealability ("COA"), we treat his briefing as a request to expand the COA and deny it. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**